In the Matter of HAROLD M. FISHMAN (Admitted as HAROLD MICHAEL FISHMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 28, 1992

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Steven R. Kartagener* of counsel *(Kartagener & Stavis,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Harold M. Fishman was admitted to the practice of law in New York by the Second Judicial Department on January 25, 1967, and at all times pertinent to this

proceeding maintained an office for the practice of law within this Department.

Following a jury trial in the United States District Court for the Eastern District of New York (Sifton, J.), respondent was found guilty of both counts of an indictment charging him with a pattern of racketeering, in violation of 18 USC §§ 1961 and 1962 (c), which included, *inter alia,* three racketeering acts of bribing a witness, in violation of New York Penal Law § 215.00, under count one of the indictment, and conspiring to commit racketeering acts, in violation of 18 USC §§ 1961 and 1962 (d), under count two of the indictment. On September 4, 1991, defendant was sentenced to two concurrent terms of 37 months' imprisonment. Upon release from imprisonment, respondent is to be on supervised release for a term of three years on each of the two counts. The terms are to run concurrently. In addition respondent was fined a total of $25,000 and assessed $100. Finally, respondent was ordered to forfeit the sum of $10,000.

The indictment arose out of events which took place commencing in or about January 1981 when respondent, then a trial attorney for the Morris J. Eisen law firm, and others engaged in a pattern of racketeering activities to, *inter alia,* ensure that the Eisen firm would recover large damage awards or settlements from civil defendants and their liability insurance companies. Among the means employed by respondent and others to achieve this end was bribing witnesses to influence their testimony or, in one case, to influence the witness to absent himself from the trial.

Petitioner Departmental Disciplinary Committee moves for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), upon the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). The latter provision, insofar as relevant, defines a felony as "any criminal offense classified as a felony under the laws of this state." Respondent does not dispute that the predicate criminal acts supporting his conviction are felonies under New York State law and does not oppose the relief sought by petitioner.

Respondent was convicted of three racketeering acts of willfully and knowingly bribing a witness in violation of New York Panel Law § 215.00, a class D felony. Thus, pursuant to Judiciary Law § 90 (4) (a), respondent ceased to be an attorney and counselor-at-law upon his conviction. Accordingly, the

petition is granted and respondent's name is to be stricken from the roll of attorneys forthwith.

SULLIVAN, J. P., CARRO, ROSENBERGER, KUPFERMAN and KASSAL, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective January 28, 1992.